IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TISHA BRICK and A.B.

      Plaintiffs,

v.                                                                       No. 1:20-cv-00881-KK

ESTANCIA MUNICIPAL SCHOOL DISTRICT, et al.,

      Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO PROCEED IN FORMA PAUPERIS,
GRANTING MOTION TO FILE ELECTRONICALLY AND
ORDER TO SHOW CAUSE**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Civil Rights Complaint Pursuant to [42] U.S.C. § 1983, Doc. 1, filed August 28, 2020 ("Complaint"), Plaintiff's Application to Proceed In Forma Pauperis, Doc. 2, filed August 28, 2020, and Plaintiff's Motion to Apply for CM/ECF, Doc. 4, filed August 31, 2020.

**Application to Proceed** *in forma pauperis*

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended

for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed *in forma paupers*. Plaintiff signed an affidavit stating she is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's total monthly income is $831.00; (ii) Plaintiff's monthly expenses total $1,570.00; and (iv) Plaintiff's minor son lives with Plaintiff. The Court finds that Plaintiff is unable to pay the costs of this proceeding because Plaintiff signed an affidavit stating she is unable to pay the costs of these proceedings and her monthly expenses exceed her low monthly income.

**The Complaint**

Plaintiff filed an 89-page Complaint on behalf of herself and her minor son against 25 Defendants. The claims appear to arise from the same events that form the basis of Plaintiff's claims in Plaintiff's previous case, *Brick v. Estancia Municipal School District*, No. 1:18-cv-01143-JCH-JHR ("Plaintiff's Previous Case"), which is still pending. Many of the Defendants in this case are Defendants in Plaintiff's Previous Case. Many of the claims in Plaintiff's Previous Case have been dismissed.

Plaintiff shall show cause why the Court should not dismiss the claims in this case against Defendants in Plaintiff's Previous Case because those claims have been or are being addressed in Plaintiff's Previous Case.[1]

---

[1] Those claims are not currently barred by the doctrine of res judicata because the Court has not yet entered a final judgment on those claims.

Many of the allegations in the Complaint are conclusory. "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based . . . [and] in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). In addition, many of the allegations refer to "defendants" without specifying which of the 25 Defendants the allegation refers to. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

Finally, Plaintiff shall show cause why the Court should not dismiss the claims Plaintiff is asserting on behalf of her son. Plaintiff asserted claims on behalf of her son in Plaintiff's Previous Case. The Court dismissed those claims stating:

> The Court dismisses all the claims Plaintiff asserts on behalf of her son, A.B., without prejudice because "[a] litigant may bring his own claims to federal court

---

"The doctrine of res judicata, or claim preclusion, will prevent a party from litigating a legal claim that was or could have been the subject of a previously issued final judgment." *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005). "The principle underlying the rule of claim preclusion is that a party who once has had a chance to litigate a claim before an appropriate tribunal usually ought not have another chance to do so." *Stone v. Dep't of Aviation*, 453 F.3d 1271, 1275 (10th Cir. 2006) (citation omitted). To apply claim preclusion, "three elements must exist: (1) a [final] judgment on the merits in an earlier action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action in both suits." *King v. Union Oil Co. of Cal.*, 117 F.3d 443, 445 (10th Cir. 1997). In addition, even if these three elements are satisfied, there is an exception to the application of claim preclusion where the party resisting it did not have a "full and fair opportunity to litigate" the claim in the prior action. *MACTEC*, 427 F.3d at 831 & n.6.

*Lenox Maclaren Surgical Corporation v. Medtronic, Inc.*, 847 F.3d 1221, 1239 (10th Cir. 2017).

3

>without counsel, but not the claims of others." *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000).

Doc. 53 at 3, filed September 18, 2019, in *Brick v. Estancia Municipal School District*, No. 1:18-cv-01143-JCH-JHR; *see also Kanth v. Lubeck*, 123 Fed.Appx. 921, 923 n.1 (10th Cir. 2005) (stating "as a non-lawyer parent, appearing pro se, [plaintiff] may not represent his minor children in federal court") (citing *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) (holding that "under Fed. R. Civ. P. 17(c) and 28 U.S.C. § 1654 [stating parties may plead and conduct their own cases personally or by counsel], a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney")).

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service of Summons and Complaint on Defendants at this time because it appears that many of the claims in the Complaint should be dismissed. The Court will revisit service on Defendants after Plaintiff files her response to this Order.

**Exhibits**

Plaintiff has submitted approximately 2,000 pages of exhibits. Generally, exhibits are not attached to pleadings such as a complaint. *See* D.N.M.LR-Civ. 10.4 ("Exhibits are not attached to a pleading unless the documents attached form the basis for the action or defense"). Plaintiff has not marked the portions of those exhibits she wishes to bring to the Court's attention as required by D.N.M.LR-Civ. 10.6. The Court will not comb the record or make a party's arguments for it. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998) ("we, like the district courts, have a limited and neutral role in the adversarial process, and are wary of becoming advocates who comb the record of previously available evidence and make a party's case for it").

4

The Clerk of Court shall not file the exhibits but shall instead return the exhibits to Plaintiff. Plaintiff may attach exhibits to motions as appropriate.  *See* D.N.M.LR-Civ. 10.5 (page limit for exhibits), 10.6 (identifying portions of exhibits), 10.7 (non-duplication of exhibits).

**Motion to File Electronically**

The Court grants Plaintiff permission to file electronically in this case only.  *See* Guide for Pro Se Litigants at 13, District of New Mexico (November 2019) ("approval to electronically file documents within a case must be granted by the presiding judge for each case in which the *pro se* litigant wishes to file using their CM/ECF account"). The Court will revoke permission to file electronically if Plaintiff abuses her electronic filing privilege or fails to comply with the rules and procedures in the District of New Mexico's Guide for Pro Se Litigants and the District of New Mexico's CM/ECF Administrative Procedures Manual.  Account registration forms, procedure manuals, and other information can be obtained at the Court's website at http://www.nmd.uscourts.gov/filing-information.  This Order only grants Plaintiff permission to participate in CM/ECF; Plaintiff is responsible for registering to become a participant.  *See* CM/ECF Administrative Procedures Manual, District of New Mexico (Revised December 2019).

**Compliance with Rule 11**

The Court reminds Plaintiff of her obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

**(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

**(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives.  *See* Fed. R. Civ. P. 11(c).

**Notice**

The Court notifies Plaintiff, who is proceeding *pro se*, of the following:

Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys.  It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (November 2019).  The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website:  http://www.nmd.uscourts.gov.

**IT IS ORDERED** that:

(i)   Plaintiff's Application to Proceed In Forma Pauperis, Doc. 2, filed August 28, 2020, is **GRANTED.**

(ii)  Plaintiff's Motion to Apply for CM/ECF, Doc. 4, filed August 31, 2020, is **GRANTED.**

(iii)   Plaintiff shall, within 21 days of entry of this Order, show cause why the Court should not dismiss:

   a. The claims in this case asserted against Defendants who are Defendants in Plaintiff's Previous Case, *Brick v. Estancia Municipal School District*, No. 1:18-cv-01143-JCH-JHR.

   b. The claims based on conclusory allegations and which are not supported by factual allegations that state with particularity what each Defendant did to Plaintiff, when Defendant did it, how the Defendant's action harmed Plaintiff, and what specific legal right Plaintiff believes the Defendant violated.

   c. The claims Plaintiff is asserting on behalf of her son.

   Failure to timely show cause may result in dismissal of certain claims as discussed above.

(iv)   The Clerk of Court is directed to return Plaintiff's exhibits to Plaintiff.

_____
**KIRTAN KHALSA**
**UNITED STATES MAGISTRATE JUDGE**