**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

TISHA BRICK and A.B.

    Plaintiffs,

v.                                                          No. 1:20-cv-00881-KK

ESTANCIA MUNICIPAL SCHOOL DISTRICT, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Response to Order to Show Just Cause, Doc. 6, filed September 3, 2020, Plaintiff's Motion to Amend Accompanying Proposed Amendment, Doc. 8, filed September 29, 2020 ("Motion to Amend"), Plaintiff's Amended Complaint, Doc. 9, filed September 29, 2020, Plaintiff's Motion to Amend to Caption and Referenced Status, Doc. 10, filed October 14, 2020 ("Motion to Amend Caption"), Plaintiff's Motion for Court's Determination, Doc. 12, filed October 16, 2020, and Plaintiff's Motion to Recuse with Cause, Doc. 16, filed December 7, 2020.

**Motion to Amend**

The Court grants Plaintiff's Motion to Amend. Rule 15 allows a party to "amend its pleading once as a matter of course within … if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a). No responsive pleadings or Rule 12 motions have been served.

**Motion to Amend Caption**

Plaintiff seeks to amend the caption of her Amended Complaint to read: "In the matter of Tisha-Renee: Brick and on behalf of minor petitioner A.B., *Sui Juris Claimant.* v. Estancia Municipal School District Et. All [sic], *Defendants*." Motion to Amend Caption at 1-2. The Court denies Plaintiff's Motion to Amend Caption because it does not cite any specific legal authority to support such an amendment. *See* D.N.M.LR-Civ. 7.3(a) ("A motion … must cite authority in support of the legal positions advanced").

**Motion for Court's Determination**

The Court ordered Plaintiff to show cause why certain claims in her original Complaint should not be dismissed. *See* Order to Show Cause, Doc. 5, filed September 1, 2020. Plaintiff filed a Response to the Order to Show Cause. *See* Doc. 6, filed September 3, 2020. Plaintiff "wishes this court to make a final determination on the pending order to show just cause." Motion for Court's Determination at 2. It appears that Plaintiff seeks a ruling on whether she showed cause why the claims in her original Complaint should not be dismissed.

The Court denies Plaintiff's Motion for Court's Determination because Plaintiff has filed her Amended Complaint. *See May v. Segovia*, 929 F.3d 1223, 1229 (10th Cir. 2019) ("The amended complaint, as the operative complaint, supersedes the original complaint's allegations").

**Order for Second Amended Complaint**

The Court orders Plaintiff to file a second amended complaint because the Amended Complaint: (i) is vague and contains many conclusory allegations; (ii) asserts improper claims; and (iii) contains unnecessary matter. Rule 12(e) of the Federal Rules of Civil Procedure permits the Court to order a more definite statement where a complaint is so vague or ambiguous that an opposing party cannot reasonably prepare a response.

The Amended Complaint is vague.  For example, after listing the names of 27 Defendants, the Amended Complaint states "[t]hese defendants violated at least the 4th, 6th, 10, and 14th amendments under the United States Constitution … subjected both Plaintiffs to deprivation of inalienable rights, privileges and immunities secured or protected under the U.S.C. or other U.S. Laws."  Amended Complaint ¶ 4 at 30.  It is not clear from the allegations in the Amended Complaint that each of the 27 Defendants violated each of the cited laws or what "rights, privileges and immunities" they allegedly violated that are "secured or protected" under unspecified federal laws.  Other allegations also list multiple Defendants before asserting alleged "violations" without stating specifically what each Defendant did, when each Defendant did it or the specific legal right Plaintiff believes each Defendant violated.  *See*, for example, Amended Complaint ¶ 11 at 33-34 (stating "During the years of 2017 to current date of filing, [names of 27 Defendants] as a matter of fact, whether directly or indirectly obtained/helped obtain [unspecified] information, altered [unspecified] information, and/or withheld with [unspecified] information about A.B. and Tisha Brick through other defendants/investigators in order to deprive Plaintiff of their [unspecified] rights").  "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Amended Complaint improperly asserts claims on behalf of Plaintiff's minor son and claims pursuant to criminal statutes.  The Court has previously explained:

> Plaintiff asserted claims on behalf of her son in Plaintiff's Previous Case.  The Court dismissed those claims stating:
>
>> The Court dismisses all the claims Plaintiff asserts on behalf of her son, A.B., without prejudice because "[a] litigant may bring his own claims to federal court without counsel, but not the claims of others."

3

> *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000).
>
> Doc. 53 at 3, filed September 18, 2019, in *Brick v. Estancia Municipal School District*, No. 1:18-cv-01143-JCH-JHR; *see also Kanth v. Lubeck*, 123 Fed.Appx. 921, 923 n.1 (10th Cir. 2005) (stating "as a non-lawyer parent, appearing pro se, [plaintiff] may not represent his minor children in federal court") (citing *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) (holding that "under Fed. R. Civ. P. 17(c) and 28 U.S.C. § 1654 [stating parties may plead and conduct their own cases personally or by counsel], a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney")).

Order to Show Cause at 3-4, Doc. 5, filed September 1, 2020. The Amended Complaint does not cite any legal authority which would allow the Court to disregard the Tenth Circuit cases cited above. *See United States v. Spedalieri*, 910 F.3d 707, 709 n.2 (10th Cir. 1990) ("A district court must follow the precedent of this circuit"). In addition, the Amended Complaint appears to assert claims pursuant to criminal statutes. *See* Amended Complaint at 11 (alleging violations under 18 U.S.C. § 242 Deprivation of rights under color of law); ¶ 4 at 30 (alleging violations under 18 U.S.C. § 873 Blackmail). "[T]he criminal statutes do not provide for private civil causes of action." *Kelly v. Rockefeller*, 69 Fed.Appx. 414, 415-416 (10th Cir. 2003); *Diamond v. Charles*, 476 U.S. 54, 64 (1986) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

The Amended Complaint contains almost 24 pages consisting of unnecessary matter. *See* Amended Complaint at 9-29 (quoting portions of the United States Constitution, federal statutes and the Universal Declaration of Human Rights); at 42-46 (list of 92 exhibits). It is not necessary to include the text of the relevant portions of the Constitution and federal statutes in a complaint. A citation to the relevant portion of the Constitution and federal statutes is sufficient. Nor is it necessary to include portions of the Universal Declaration of Human Rights because "the Universal Declaration of Human Rights is a non-binding declaration that provides no private rights

of action." *United States v. Chatman*, 352 Fed.Appx. 740, 741 (3d Cir. 2009) (citing *Sosa v. Alvarez–Machain,* 542 U.S. 692, 734 (2004) (explaining that Universal Declaration is simply a statement of principles and not a treaty or international agreement that would impose legal obligations.")).  Nor is it necessary to include a list of exhibits.  Allegations supporting claims for relief may be made on information and belief.  A plaintiff is not obligated to plead evidence in a complaint by attaching exhibits and may set forth allegations that will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

**Motion to Recuse**

Plaintiff moves the undersigned to recuse because "it appears that the current Judge is not impartial toward Claimant" as shown by the undersigned's alleged "lack of a timely response" to Plaintiff's Response and Motions.

The statute governing disqualification states any judge "shall disqualify himself … in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  "Judges not only have a strong duty to recuse when appropriate, but also a strong duty to sit, and the statute "must *not* be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice."  *United States v. Wells*, 873 F.3d 1241, 1251 (10th Cir. 2017) ("disqualification is appropriate only where the reasonable person, were he to know all the circumstances, would harbor doubts about the judge's impartiality").

The Court denies Plaintiff's Motion to Recuse.  Plaintiff's allegation of impartiality is not supported by the timing of the Court's responses to documents filed by Plaintiff.  The Court, which has a heavy case load, addresses filed documents as efficiently as resources allow.  Plaintiff has

not alleged any other circumstances that might cause a reasonable person to harbor doubts about the undersigned's impartiality.

**IT IS ORDERED** that:

(i) Plaintiff's Motion to Amend Accompanying Proposed Amendment, Doc. 8, filed September 29, 2020, **GRANTED.**

(ii) Plaintiff's Motion to Amend to Caption and Referenced Status, Doc. 10, filed October 14, 2020, is **DENIED.**

(iii) Plaintiff's Motion for Court's Determination, Doc. 12, filed October 16, 2020, is **DENIED.**

(iv) Plaintiff's Motion to Recuse with Cause, Doc. 16, filed December 7, 2020, is **DENIED.**

(v) Plaintiff shall, within 21 days of entry of this Order, file a second amended complaint. Failure to timely file a second amended complaint may result in dismissal of this case.

**KIRTAN KHALSA**
**UNITED STATES MAGISTRATE JUDGE**