# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

TISHA BRICK and A.B.

      Plaintiffs,

v.   No. 1:20-cv-00881-WJ-KK

ESTANCIA MUNICIPAL SCHOOL DISTRICT, et al.,

      Defendants.

## **MEMORANDUM OPINION AND ORDER OVERRULING OBJECTION**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Objection and Motion to Partially Vacate/Amend Order of Memorandum and Opinion, Doc. 19, filed December 21, 2020 ("Objections").

**Objection to Motion to Amend Caption**

Plaintiff sought to amend the caption of her Amended Complaint to read: "In the matter of Tisha-Renee: Brick and on behalf of minor petitioner A.B., *Sui Juris Claimant.* v. Estancia Municipal School District Et. All [sic], *Defendants*." Motion to Amend Caption at 1-2, Doc. 10, filed October 14, 2020. United States Magistrate Judge Kirtan Khalsa denied Plaintiff's Motion to Amend Caption because it did not cite any specific legal authority to support such an amendment. *See* Doc. 17 at 2, filed December 9, 2020 ("Judge Khalsa's Order") (citing D.N.M.LR-Civ. 7.3(a) ("A motion … must cite authority in support of the legal positions advanced")).

Plaintiff objects to Judge Khalsa's Order denying the Motion to Amend Caption stating Plaintiff "do[es] not need 'legal authority' to amend any part of the original complaint" and that

"Sui Juris is a legal position that can be taken in court and is the proper position for" Plaintiff. Objections at 2.

The Court overrules Plaintiff's Objection to Judge Khalsa's denial of the Motion to Amend because Judge Khalsa's Order is not clearly erroneous or contrary to law.  *See* Fed. R. Civ. P. 72(a).

**Objections to Order for Second Amended Complaint**

Judge Khalsa ordered Plaintiff to file a second amended complaint stating:

> The Amended Complaint is vague.  For example, after listing the names of 27 Defendants, the Amended Complaint states "[t]hese defendants violated at least the 4th, 6th, 10, and 14th amendments under the United States Constitution … subjected both Plaintiffs to deprivation of inalienable rights, privileges and immunities secured or protected under the U.S.C. or other U.S. Laws."  Amended Complaint ¶ 4 at 30.  It is not clear from the allegations in the Amended Complaint that each of the 27 Defendants violated each of the cited laws or what "rights, privileges and immunities" they allegedly violated that are "secured or protected" under unspecified federal laws.  Other allegations also list multiple Defendants before asserting alleged "violations" without stating specifically what each Defendant did, when each Defendant did it or the specific legal right Plaintiff believes each Defendant violated.  *See*, for example, Amended Complaint ¶ 11 at 33-34 (stating "During the years of 2017 to current date of filing, [names of 27 Defendants] as a matter of fact, whether directly or indirectly obtained/helped obtain [unspecified] information, altered [unspecified] information, and/or withheld with [unspecified] information about A.B. and Tisha Brick through other defendants/investigators in order to deprive Plaintiff of their [unspecified] rights").  "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Judge Khalsa's Order at 3.

Plaintiff "objects to the court requiring a non-attorney party to go beyond the basic elements of a pleading, discovery is the appropriate place of requiring specifics and details of allegations plead" and states Plaintiff "is not required to be so detailed when not actively engaged in the discovery process, nor is [Plaintiff] required to tell the court what 'their rights are', as the

court is obligated to use their common sense and experience to draw reference when a law is cited as being violated on a complaint coming from a non-attorney." Objections at 2-4.

The Court overrules Plaintiff's objection regarding the vague allegations in the Amended Complaint. Judge Khalsa properly cited the Tenth Circuit's standard for stating a claim, which the Court is obliged to follow. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."); *United States v. Spedalieri*, 910 F.3d 707, 709 n.2 (10th Cir. 1990) ("A district court must follow the precedent of this circuit"). Furthermore, the Court will not "use its common sense and experience" to determine Plaintiff's claims because "it is [not] the proper function of the district court to assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Biogenics, Inc. v. Kazen*, 6 Fed.Appx. 689, 692 (10th Cir. 2001) ("the court will not construct arguments or theories for a pro se litigant").

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (November 2019). Finally, Plaintiff's suggestion that she cannot properly state claims because there has been no discovery is somewhat misleading. Plaintiff is currently prosecuting another case, which she filed two years ago, arising from many of the same facts and involving several of the same defendants as in this case. *See Brick v. Estancia Municipal School District*, No. 1:18-cv-01143-JCH-JHR.

Judge Khalsa notified Plaintiff that the Amended Complaint improperly asserts claims on behalf of Plaintiff's minor son:

The Court has previously explained:

Plaintiff asserted claims on behalf of her son in Plaintiff's Previous Case. The Court dismissed those claims stating:

> The Court dismisses all the claims Plaintiff asserts on behalf of her son, A.B., without prejudice because "[a] litigant may bring his own claims to federal court without counsel, but not the claims of others." *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000).

Doc. 53 at 3, filed September 18, 2019, in *Brick v. Estancia Municipal School District*, No. 1:18-cv-01143-JCH-JHR; *see also Kanth v. Lubeck*, 123 Fed.Appx. 921, 923 n.1 (10th Cir. 2005) (stating "as a non-lawyer parent, appearing pro se, [plaintiff] may not represent his minor children in federal court") (citing *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) (holding that "under Fed. R. Civ. P. 17(c) and 28 U.S.C. § 1654 [stating parties may plead and conduct their own cases personally or by counsel], a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney")).

Order to Show Cause at 3-4, Doc. 5, filed September 1, 2020. The Amended Complaint does not cite any legal authority which would allow the Court to disregard the Tenth Circuit cases cited above. *See United States v. Spedalieri*, 910 F.3d 707, 709 n.2 (10th Cir. 1990) ("A district court must follow the precedent of this circuit").

Plaintiff "objects to the court trying to unlawfully throw out the valid claims of minor petitioner A.B., unlawfully claiming that Tisha-Renee: Brick cannot bring claims on his behalf" and states "there is ZERO law behind the court[']s claim that Justice may only be obtained for a minor by an attorney." Objections at 6-7. The Court overrules this Objection because the Tenth Circuit precedent cited by Judge Khalsa clearly states that a non-lawyer parent may not represent their minor child in federal court. Plaintiff's statement that "neither Judge on both valid cases put forward an appropriate order to PROTECT the minor A.B. as they are bound by law to do, and

4

therefore continue to err in their claims to simply toss out a minor A.B.'s claims" is inaccurate. Rule 17(c)(2) states that "The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Judge Herrera's dismissal of the minor A.B.'s claims was without prejudice, which protects A.B.'s interests because A.B.'s claims could be dismissed with prejudice if Plaintiff, who does not possess the legal expertise to competently prosecute A.B.'s claims, is allowed to represent A.B. The Court has not yet entered an "appropriate order" in this case to protect A.B.'s interests but will do so at an appropriate time.

Judge Khalsa also noted that the Amended Complaint appeared to assert claims pursuant to criminal statutes and informed Plaintiff that "[T]he criminal statutes do not provide for private civil causes of action." Judge Khalsa's Order at 4 (quoting *Kelly v. Rockefeller*, 69 Fed.Appx. 414, 415-416 (10th Cir. 2003); *Diamond v. Charles*, 476 U.S. 54, 64 (1986) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another")). Plaintiff "objects to this portion of the Order because Claimant was clear in asking for the court to appoint the appropriate prosecutor in place to be able to file charges on their behalf as Claimant was ALREADY aware that they could not prosec[u]t[e] criminal claims." Objections at 5-6. The Court overrules this Objection because Judge Khalsa properly cited the appropriate Tenth Circuit law. This Court has a duty to resolve the claims asserted by Plaintiff. Plaintiff has not cited any legal authority to support her claim that the Court should "order that criminal charges be filed against all defendants and prosecuted by the District Attorney and/or Federal Agents accordingly pursuant to Federal laws." Objections at 6.

Judge Khalsa notified Plaintiff that the Amended Complaint contains almost 24 pages consisting of unnecessary matter stating:

> It is not necessary to include the text of the relevant portions of the Constitution and federal statutes in a complaint. A citation to the relevant portion of the Constitution and federal statutes is sufficient. Nor is it necessary to include portions of the Universal Declaration of Human Rights because "the Universal Declaration of Human Rights is a non-binding declaration that provides no private rights of action." *United States v. Chatman*, 352 Fed.Appx. 740, 741 (3d Cir. 2009) (citing *Sosa v. Alvarez–Machain,* 542 U.S. 692, 734 (2004) (explaining that Universal Declaration is simply a statement of principles and not a treaty or international agreement that would impose legal obligations.")). Nor is it necessary to include a list of exhibits. Allegations supporting claims for relief may be made on information and belief. A plaintiff is not obligated to plead evidence in a complaint by attaching exhibits and may set forth allegations that will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

Judge Khalsa's Order at 4-5. Plaintiff "objects to the court asserting that Human Rights have no legal obligation to be upheld by the court when the Constitution, a legal and binding document, secures them automatically. While the UDHR may not be a binding document, the rights set forth in it are protected in many other legal documents which the court IS bound to uphold such as the Bill of Rights, The Constitution, and so forth." Objections at 5. The Court overrules this Objection because claims regarding rights that are protected by federal law need not reference the Universal Declaration of Human Rights.

**Objection to Motion to Recuse**

Plaintiff moved for Judge Khalsa to recuse because "it appears that the current Judge is not impartial toward Claimant" as shown by the undersigned's alleged "lack of a timely response" to Plaintiff's Response and Motions. Judge Khalsa denied Plaintiff's Motion to Recuse because:

> Plaintiff's allegation of impartiality is not supported by the timing of the Court's responses to documents filed by Plaintiff. The Court, which has a heavy case load, addresses filed documents as efficiently as resources allow. Plaintiff has not alleged any other circumstances that might cause a reasonable person to harbor doubts about the undersigned's impartiality.

Judge Khalsa's Order at 5-6. Plaintiff objects stating: "At NO time is there a valid excuse for the court to delay Justice." Objections at 8. Plaintiff also states that Judge Khalsa "prejudicially noted

in granting Claimant cm/ecf access, Claimant would be subject to sanctions if the rules were not strictly followed. There is no record of Claimant having violated any rules or access of cm/ecf." Objections at 8. The Court overrules Plaintiffs Objection. The Court has not intentionally or neglectfully delayed the proceedings in this case. Judge Khalsa granted Plaintiff permission to file electronically and notified Plaintiff, as the Court does regularly with *pro se* parties, that "[t]he Court will revoke permission to file electronically if Plaintiff abuses her electronic filing privilege or fails to comply with the rules and procedures in the District of New Mexico's Guide for Pros Se Litigants and the District of New Mexico's CM/ECF Administrative Procedures Manual." It was a notice; it was not "prejudicial." Licensed attorneys are also instructed to follow the appropriate rules and are subject to sanctions if they do not comply with those rules. *See* Fed. R. Civ. P. 11; D.N.M.LR-Civ. 83.9; CM/ECF Admin. Procedures Manual, (D.N.M. December 2019)).

**IT IS ORDERED** that Plaintiff's Objection and Motion to Partially Vacate/Amend Order of Memorandum and Opinion, Doc. 19, filed December 21, 2020, is **OVERRULED and DENIED.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE