**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

TISHA BRICK and A.B.

      Plaintiffs,

v.                                      No. 1:20-cv-00881-WJ-KK

ESTANCIA MUNICIPAL SCHOOL DISTRICT, et al.,

      Defendants.

**<u>MEMORANDUM OPINION AND ORDER OVERRULING OBJECTIONS</u>**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Objection to Waiver of Service/Summons and to Certificate of Service by Beth German on behalf of some Defendants, Doc. 27, filed January 17, 2021 ("Objection to German Waiver"), and Plaintiff's Objection to Waiver of Service/Summons and to Certificate of Service by John Ziegler on behalf of Walsh-Gallegos Defendants, Doc. 31, filed January 20, 2021 ("Objection to Ziegler Waiver").

This is the second of two cases Plaintiff has filed in this Court.  *See Brick v. Estancia Municipal School District*, No. 1:18-cv-01143-JCH-JHR ("Brick I").  Both cases arise out of the same facts and have many of the same Defendants.  Plaintiff's son, who has been diagnosed with psychological disorders, is a participant in the State of New Mexico's medical cannabis program and attended Estancia Municipal School District.  After a dispute between Plaintiff and the Estancia Municipal School District, and after a due process hearing regarding Plaintiff's son's education, Plaintiff filed the first case, which is still pending, asserting claims pursuant to Section 504 of the Rehabilitation Act, the Americans with Disabilities Act, and the individuals with Disabilities Education Act, and for "violations of [son's] and [Plaintiff's] civil rights."

Complaint ¶86, Doc. 1, filed December 7, 2018, in *Brick I*.  In this case, Plaintiff asserts claims for assorted civil rights violations.

After learning of this second case, Elizabeth German, who represents Defendants in *Brick I* and 15 Defendants in this case , and John Ziegler, who represents Defendants in *Brick I* and two Defendants in this case, filed executed waivers of service in this case before being served with a summons and Complaint or receiving a notice and waiver of service.  *See* Doc. 21, filed January 12, 2021 (German); Doc. 28, filed January 20, 2021 (Ziegler).

Plaintiff objects to counsel filing waivers of service on behalf of some Defendants in this case stating she "has not yet issued a notice of lawsuit nor a request for waiver of service" to Defendants or their attorneys.  Objection to German Waiver at 1; Objection to Ziegler Waiver at 1.  Plaintiff states she was preparing to serve Defendants pursuant to Fed. R. Civ. P. 4.  Plaintiff also asserts that counsel for Defendants "cannot issue a Certificate of Service not first requested or given by Claimant (Plaintiff) who opened the original case," and doing so is "a direct conflict of interest, misconduct, and violations of Federal and Local rules/procedures."  Objection to German Waiver at 5; Objection to Ziegler Waiver at 4.

The Court overrules Plaintiff's Objections as frivolous.  Other than a conclusory allegation that counsel violated unspecified Federal and Local Rules of Civil Procedure, Plaintiff has not cited any legal authority to support her Objection.  *See Biogenics, Inc. v. Kazen*, 6 Fed.Appx. 689, 692 (10th Cir. 2001) ("Despite the liberal construction afforded pro se litigants, the court will not construct arguments or theories for a pro se litigant").  The Court, counsel and parties share the responsibility to secure the just, speedy, and inexpensive resolution of every case.  *See* Fed. R. Civ. P. 1 advisory committee's note to 2015 amendment.  Individuals that are subject to service "have a duty to avoid unnecessary expenses of serving the summons."

2

Fed. R. Civ. P 4(d)(1).  Furthermore, the Court notified Plaintiff, who is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915, that the officers of the Court are responsible for service. *See* Doc. 5 at 4, filed September 1, 2020.  Counsel for Defendants properly filed waivers of service to avoid unnecessary expenses.  Plaintiff's frivolous Objections have caused counsel for the Defendants and the Court to unnecessarily expend valuable resources responding to Plaintiff's Objections.

United States Magistrate Judge Kirtan Khalsa notified Plaintiff, who is proceeding *pro se*, that Plaintiff will be held to the same standard of professional responsibility as trained attorneys and that Plaintiff has a responsibility to become familiar with and to comply with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of New Mexico.  *See* Doc. 5 at 6, filed September 1, 2020.  Judge Khalsa also reminded Plaintiff of Plaintiff's obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure and notified Plaintiff that failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions including monetary penalties and nonmonetary directives.  *See* Doc. 5 at 5-6.  The undersigned emphasizes that the Court will not tolerate repeated failures to comply with Court orders and the Federal and Local Rules.

In their Response to the Objection, the German Defendants state that Plaintiff has indicated that she still wants to serve the individual German Defendants in person.  *See* Response at 4, Doc. 33, filed January 25, 2021.  Counsel for the German Defendants has asked Plaintiff that all contact by Plaintiff with the German Defendants about matters relating to this case or to *Brick I* be made through counsel.  *See* Response at 7.  Counsel for the German Defendants also requests the Court "deny Plaintiff's request to be allowed to serve, either personally or through a process server," the Defendants she represents.  Response at 9.

Plaintiff shall not serve a summons and Complaint on any Defendant in this case.  Plaintiff is proceeding *in forma pauperis* under 28 U.S.C. § 1915.  *See* Doc. 5, filed September 1, 2020. Rule 4 requires that the Court order service by a United States Marshal or Deputy Marshal or by a person specially appointed by the Court when a plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915.  *See* Fed. R. Civ. P. 4(c)(3).

The German Defendants also ask the Court to order Plaintiff to direct all communications with the German Defendants about any matters relating to this lawsuit, or to *Brick I*, to counsel for the German Defendants.  Response at 9.  The German Defendants state that "[i]n general, pro se litigants are required to abide by the same procedural rules as attorneys … There is some question, though, about the application of Rule 16-402 to pro se litigant communications with represented parties."   Response at 8 (citing *Trujillo v. Bd. Of Ed. Of the Albuquerque Public Schools*, 2007WL2461630 *11 (D.N.M. 2007) (Browning, J.) ("Because Trujillo is not an attorney, he is not clearly prohibited by the plain language of any provision from communicating with counseled, opposing parties")).  Rule 16-402 states, in relevant part: "In representing a client, a *lawyer* shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order."  N.M.R.A. 16-402 (*emphasis added*).

The Court, to secure the just, speedy, and inexpensive resolution of this case, orders that Plaintiff shall direct all communications with Defendants who are represented by counsel in this case regarding any matters relating to this action or *Brick I* to counsel for those Defendants.  *See LaFleur v. Teen Help*, 342 F.3d 1145, 1149 (10th Cir. 2002) ("federal district courts have the inherent power to manage their business 'so as to achieve the orderly and expeditious dispositions of cases'") (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)).  There are 26 Defendants

4

in this case, 17 of which are currently represented by two law firms.  Defendants who are represented by counsel have no obligation to respond directly to Plaintiff or to forward any communications they receive personally from Plaintiff to their attorney.  *See also* D.N.M.LR-Civ. 83.5 ("A party who is represented by an attorney may not personally make any filings … unless otherwise ordered").  Counsel for Defendants, on the other hand, are obligated to comply with the Federal and Local Rules of Civil Procedure and the New Mexico Rules of Professional Conduct. The Court believes that procedural disputes arising from Plaintiff's direct communications with Defendants who are represented by counsel can be avoided if Plaintiff directs her communications to counsel of represented Defendants.

Plaintiff states: "Mr. Ziegler has made the assertion that the Court has **had ex-parte communication** behind Claimants' back" and has asserted that "the Court has also had ex-parte communication and has taken ex-parte action on behalf of Claimant because Claimant is Informa Pauperis."  Objection to Ziegler Waiver at 3-4 (**bold in original**).  Plaintiff does not provide any details supporting her statement regarding the alleged *ex parte* communication.  Counsel with Mr. Ziegler's firm stated "they did not obtain information about this lawsuit through any improper communications with this Court."  Ziegler Response at 2, Doc. 35, filed February 2, 2021.  The letter from Mr. Ziegler to Plaintiff, which Plaintiff attached to her Objection to the Ziegler Waiver, states: "We have obtained a copy of the Second Amended Complaint from the Court's electronic docket."  Doc. 31-1.  The documents on the Court's electronic docket, unless sealed, are part of the public record.  Accessing documents from the Court's electronic docket does not constitute *ex parte* communication.  The undersigned and his staff have not had any *ex parte* communications with Plaintiff or Mr. Ziegler regarding this case.  By filing the Objection stating that Mr. Ziegler "has asserted that the Court has had ex-parte communications," Plaintiff has certified that, to the

best of her "knowledge, information and belief, formed after an inquiry reasonable under the circumstances," her statement regarding *ex parte* communications "is not being presented for any improper purpose, such as to harass," and has evidentiary support.  Fed. R. Civ. P. 11(b).  Plaintiff has not provided any evidentiary support for her statement regarding *ex parte* communications. The Court reminds Plaintiff again of her obligations under Rule 11 and that failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives.  *See* Fed. R. Civ. P. 11(c).

Finally, the Court has "inherent power to enforce compliance with [its] lawful orders through civil contempt."  *Acosta v. Paragon Contractors Corp.*, 884 F.3d 1225, 1238 (10th Cir. 2018) (quoting *Shillitani v. United States*, 384 U.S. 364, 370 (1966)).  The Court may impose civil-contempt sanctions "to compel or coerce obedience to a court order" or "to compensate the contemnor's adversary for injuries resulting from the contemnor's noncompliance."  *Acosta*, 884 F.3d at 1238.  Those sanctions may include striking pleadings filed by the non-complying party, ordering the non-complying party to pay costs and attorney fees to the opposing parties, imposing filing restrictions such as not allowing a non-complying party to file documents unless the documents are signed by an attorney authorized to practice before this Court, and dismissal of all or part of a non-complying party's claims. *See Acosta*, 884 F.3d at 1238 ("In exercising this power, the court enjoys broad discretion").  The Court has twice now notified Plaintiff that: (i) Plaintiff will be held to the same standard of professional responsibility as trained attorneys; (ii) Plaintiff has a responsibility to become familiar with and to comply with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of New Mexico; and (iii)  failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions.  If Plaintiff continues to cause the Court or the opposing Parties to expend time and resources dealing

with frivolous matters, the Court will not issue a third warning but instead will impose sanctions sufficiently severe to compel Plaintiff to comply with the Court's order and to compensate the opposing Parties for the fees and costs they incurred addressing Plaintiff's frivolous matters.

**IT IS SO ORDERED.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE