## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

TISHA BRICK and A.B.

      Plaintiffs,

v.                                     No. 1:20-cv-00881-WJ-KK

ESTANCIA MUNICIPAL SCHOOL DISTRICT, et al.,

      Defendants.

### MEMORANDUM OPINION AND ORDER
### DENYING MOTION TO DISQUALIFY COUNSEL

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Motion to Disqualify Counsel of Record, Doc. 34, filed February 1, 2021 ("Motion").

Plaintiff moves the Court to disqualify Elizabeth German and her law firm, German Burnette & Associates, LLC ("GB&A"), from representing Defendant Estancia Municipal School District ("EMSD") and several current and former EMSD employees and officials. Plaintiff asserts that German and GB&A: (i) have a conflict of interest; (ii) have committed unethical acts; and (iii) "may be called as a witness to these proceedings." Motion at 4.

Plaintiff states:

> The fact that [Plaintiff] is burdened with having to be delayed in the normal procedural process of these proceedings to bring this Motion before the Court does a great disservice to the EMSD defendants that [German and GB&A] are representing because the unethical, unlawful writings, and behavior are asserted on **behalf of** the EMSD defendants by [German and GB&A]. This appears to be a conflict in interest as being adverse in the interest of EMSD defendants and because the EMSD defendants are accused of much of the same behavior and actions that [German and GB&A] has been and currently still is displaying.

Motion at 1-2 (**emphasis** in original).

> [A] lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:

(1) the representation of one client will be directly adverse to another client; or

(2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

N.M.R.A. § 16-107(A). The Court denies Plaintiff's Motion to disqualify GB&A on the ground that there "appears to be a conflict [of] interest" because Plaintiff has not shown that GB&A's representation of its clients will be directly adverse to any of its clients or that GB&A's representation would be otherwise materially limited by GB&A's responsibilities to others or by GB&A's own interests. *See also In re Yarn Processing Patent Validity Litigation*, 530 F.2d 83, 88 (5th Cir. 1976) ("As a general rule, courts do not disqualify an attorney on the grounds of conflict of interest unless the former client moves for disqualification").

Plaintiff contends that GB&A should be disqualified because they have committed unethical acts including: (i) altering a legal document and filing it with the Court; (ii) falsely accusing Plaintiff of criminal activity; and (iii) intimidation and stalking. The Court denies Plaintiff's Motion to disqualify GB&E on the ground of alleged unethical acts for the following reasons.

GB&A did not fraudulently alter and file a document. After GB&A indirectly learned of Plaintiff's lawsuit against their clients, and before being served with process or receiving a notice of the lawsuit, GB&A properly filed a Waiver of the Service of Summons form which they had filled out to show that they "agree to save the expense of serving a summons and complaint in this case." Doc. 21, filed January 12, 2021; *see also* Order, Doc. 40, filed February 5, 2021 (overruling as frivolous Plaintiff's objection to GB&A filing a waiver of service before receiving a notice and request to waive service). GB&A clearly marked "form modified" on the Waiver form that they filed with the Court. In addition, in their Certificate of Service, GB&A stated: "This Waiver of

Summons was signed and sent even though Summonses have not yet been issued in this case."

Doc. 22, filed January 12, 2021.

Plaintiff states "parts written in Doc. 33 [GB&A's Response] by EMSD defendants are false allegations accusing Tisha Brick of criminal activity."  Motion at at 3.  Plaintiff does not identify the statements in GB&A's Response that allegedly accuse Plaintiff of criminal activity. The Court reviewed GB&A's Response and did not find any statements accusing Plaintiff of criminal activity.

Plaintiff also states:

In regards to all references inappropriately made by counsel about [Plaintiff's] Public Facebook page, while anyone including [GB&A] are free to simply view the content as it is public, they are not free to knowingly and intentionally take any of the content and allege, whether verbally or in a written document such as a court document, to use said content in an unlawful manner including but not limited to harassment, stalking, bullying, intimidation, coercion, extortion, falsifying any part of the content put out by [Plaintiff] ... [Plaintiff] raises issue to counsel trying to intimidate [Plaintiff] with abuse of power by means of written intention of malice desiring to try to go after [Plaintiff's] "private social media" at a later point as alleged in [GB&A's Response].

Motion at 4-5.  Plaintiff does not, however, identify any statements in GB&A's Response that show GB&A is intimidating or stalking Plaintiff.  GB&A states that when Plaintiff:

alleges that defense counsel has tried to "intimidate [her] with abuse of power" by suggesting that counsel may seek Plaintiff's private social media posts ...Plaintiff is likely referring to the statement in [GB&A's] Response that "[i]f and when the need arises to access to the private portions of any of Plaintiff's social media posts, a request will be made through discovery."  This statement is not a threat; it is an acknowledgement that, if [GB&A] believe that discovery relating to information posted on Plaintiff's private social media, if any, is relevant to Plaintiff's claims or [GB&A's clients] defenses, and if [GB&A's clients] believe that seeking such information meets the other standards contained in Federal Rule of Civil Procedure 26(b), requests for such information will be made in accordance with the rules of discovery.  If and when that happens, Plaintiff will have the defenses available to her under the rules of discovery.

Doc. 46 at 4-5, filed February 18, 2021.  The Court has reviewed GB&A's Response and has not found any statements that show GB&A is intimidating or stalking Plaintiff.

Plaintiff asserts GB&A should be disqualified stating: "It is also upon information and belief that [GB&A] may be called as a witness to these proceedings and is grounds for disqualification."  (ii)  Motion at 4, 8.  The Court denies Plaintiff's Motion to disqualify GB&A on the basis that GB&A "may be called as a witness" because Plaintiff has not stated what GB&A might testify about or why GB&A's testimony is necessary.  *See Chappell v. Cosgrove*, 121 N.M. 636, 640 (1996) (holding "an attorney may not be disqualified under Rule 16-307 absent a showing by the party seeking disqualification that the attorney's testimony is material to an issue in the case, that the evidence to be elicited from the attorney's testimony is not available from another source, and that the attorney's testimony is potentially prejudicial to his client's case").

**IT IS ORDERED** that Plaintiff's Motion to Disqualify Counsel of Record, Doc. 34, filed February 1, 2021, is **DENIED.**

WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE