IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TISHA BRICK and A.B.

    Plaintiffs,

v.                                                                                                                            No. 1:20-cv-00881-WJ-KK

ESTANCIA MUNICIPAL SCHOOL DISTRICT, et al.,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT RAY SHARBUTT'S MOTION TO DISMISS**

**THIS MATTER** comes before the Court on Defendant Ray Sharbutt's Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Doc. 37, filed February 4, 2021 ("Motion").

**Background**

This is the second of two cases Plaintiff Tisha Brick ("Plaintiff") has filed in this Court. *See Brick v. Estancia Municipal School District*, No. 1:18-cv-01143-JCH-JHR ("*Brick I*"). Both cases arise out of the same facts and have many of the same Defendants. Plaintiff's son, who has been diagnosed with psychological disorders, is a participant in the State of New Mexico's medical cannabis program and attended Estancia Municipal School District. After a dispute between Plaintiff and the Estancia Municipal School District, and after a due process hearing regarding Plaintiff's son's education, Plaintiff filed the first case, which is still pending, asserting claims pursuant to Section 504 of the Rehabilitation Act, the Americans with Disabilities Act, and the individuals with Disabilities Education Act, and for "violations of [son's] and [Plaintiff's] civil rights." Complaint ¶86, Doc. 1, filed December 7, 2018, in *Brick I*. In this case, Plaintiff asserts claims, on behalf of herself and her son, for various civil rights violations, for violations of federal

criminal statutes, and for state-law claims including "slander, defamation of character, perjury [and] malice."  Second Amended Complaint at 17, ¶ 18.

United States Magistrate Judge Kirtan Khalsa notified Plaintiff that many of the claims in Plaintiff's original Complaint were based on conclusory allegations which were not supported by factual allegations that state with particularity what each Defendant did to Plaintiff, when each Defendant did it, how each Defendant's actions harmed Plaintiff, and what specific legal right Plaintiff believes each Defendant violated.  *See* Doc. 5, filed September 1, 2020.  Judge Khalsa also notified Plaintiff that Plaintiff, who is proceeding *pro se* and is not a licensed attorney authorized to practice in this Court, may not assert claims on behalf of Plaintiff's son.  Judge Khalsa ordered Plaintiff to show cause why the Court should not dismiss the claims supported by only conclusory allegations and the claims asserted on behalf of her son.

Plaintiff filed her Amended Complaint on September 29, 2020.  *See* Doc. 9.  Judge Khalsa ordered Plaintiff to file a second amended complaint because:

> the Amended Complaint: (i) is vague and contains many conclusory allegations; (ii) asserts improper claims; and (iii) contains unnecessary matter ...
>
> The Amended Complaint is vague.  For example, after listing the names of 27 Defendants, the Amended Complaint states "[t]hese defendants violated at least the 4th, 6th, 10, and 14th amendments under the United States Constitution … subjected both Plaintiffs to deprivation of inalienable rights, privileges and immunities secured or protected under the U.S.C. or other U.S. Laws."  Amended Complaint ¶ 4 at 30.  It is not clear from the allegations in the Amended Complaint that each of the 27 Defendants violated each of the cited laws or what "rights, privileges and immunities" they allegedly violated that are "secured or protected" under unspecified federal laws.  Other allegations also list multiple Defendants before asserting alleged "violations" without stating specifically what each Defendant did, when each Defendant did it or the specific legal right Plaintiff believes each Defendant violated.  *See*, for example, Amended Complaint ¶ 11 at 33-34 (stating "During the years of 2017 to current date of filing, [names of 27 Defendants] as a matter of fact, whether directly or indirectly obtained/helped obtain [unspecified] information, altered [unspecified] information, and/or withheld with [unspecified] information about A.B. and Tisha Brick through other defendants/investigators in order to deprive Plaintiff of their [unspecified] rights").  "[T]o state a claim in

federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Amended Complaint improperly asserts claims on behalf of Plaintiff's minor son and claims pursuant to criminal statutes. The Court has previously explained:

> Plaintiff asserted claims on behalf of her son in Plaintiff's Previous Case. The Court dismissed those claims stating:
>
>> The Court dismisses all the claims Plaintiff asserts on behalf of her son, A.B., without prejudice because "[a] litigant may bring his own claims to federal court without counsel, but not the claims of others." *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000).
>
> Doc. 53 at 3, filed September 18, 2019, in *Brick v. Estancia Municipal School District*, No. 1:18-cv-01143-JCH-JHR; *see also Kanth v. Lubeck*, 123 Fed.Appx. 921, 923 n.1 (10th Cir. 2005) (stating "as a non-lawyer parent, appearing pro se, [plaintiff] may not represent his minor children in federal court") (citing *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) (holding that "under Fed. R. Civ. P. 17(c) and 28 U.S.C. § 1654 [stating parties may plead and conduct their own cases personally or by counsel], a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney")).

Order to Show Cause at 3-4, Doc. 5, filed September 1, 2020. The Amended Complaint does not cite any legal authority which would allow the Court to disregard the Tenth Circuit cases cited above. *See United States v. Spedalieri*, 910 F.3d 707, 709 n.2 (10th Cir. 1990) ("A district court must follow the precedent of this circuit"). In addition, the Amended Complaint appears to assert claims pursuant to criminal statutes. *See* Amended Complaint at 11 (alleging violations under 18 U.S.C. § 242 Deprivation of rights under color of law); ¶ 4 at 30 (alleging violations under 18 U.S.C. § 873 Blackmail). "[T]he criminal statutes do not provide for private civil causes of action." *Kelly v. Rockefeller*, 69 Fed.Appx. 414, 415-416 (10th Cir. 2003); *Diamond v. Charles*, 476 U.S. 54, 64 (1986) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

Doc. 17 at 2-4, filed December 9, 2020. Judge Khalsa also notified Plaintiff that: "Allegations

supporting claims for relief may be made on information and belief. A plaintiff is not obligated to

plead evidence in a complaint by attaching exhibits and may set forth allegations that will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Doc. 17 at 5.

Plaintiff filed her Second Amended Complaint on December 30, 2020. *See* Doc. 20.

**Dismissal of Claims Asserted on behalf of Plaintiff's Son**

Despite Judge Khalsa's notice to Plaintiff that Plaintiff cannot assert claims on behalf of Plaintiff's son, A.B., Plaintiff's Second Amended Complaint asserts claims on behalf of Plaintiff's son. *See* Second Amended Complaint at 2, 10. In her Response, Plaintiff states:

> [Plaintiff] firmly asserts that a Memorandum, Order, and Opinion regardless of the circuit it came from, is most certainly not LAW. [Plaintiff] is extremely disturbed that this court, Judges on [Plaintiff's] other pending case, and the counsel for the defendant have repeatedly taken the written position that the courts are the makers of law ... The courts and their circuits do not make laws and the courts do not have the final say when it comes to the true law. Furthermore, there is no law that prohibits a parent or as is cited in the FRCP a **general guardian** from **suing** on behalf of their **minor child** ...The court and all counsel of record [are] gravely mistaken if they believe they or their opinions supersede the Unalienable and Fundamental rights of a Parent who is naturally legally in charge of the entire well-being and all best interest of their child until they are of legal age.

Response at 2-3, Doc. 2, filed February 12, 2021 (emphasis in original).

The Court dismisses without prejudice all claims asserted on behalf of Plaintiff's son, A.B., against all Defendants in this case. *See Kanth v. Lubeck*, 123 Fed.Appx. 921, 923 n.1 (10th Cir. 2005) (stating "as a non-lawyer parent, appearing pro se, [plaintiff] may not represent his minor children in federal court") (citing *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) (holding that "under Fed. R. Civ. P. 17(c) and 28 U.S.C. § 1654 [stating parties may plead and conduct their own cases personally or by counsel], a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney")). Plaintiff does not cite any legal authority which would allow the Court to disregard the Tenth Circuit cases cited above. *See United*

4

*States v. Spedalieri*, 910 F.3d 707, 709 n.2 (10th Cir. 1990) ("A district court must follow the precedent of this circuit").

**Dismissal of Claims for Alleged Violations of Criminal Statutes**

Plaintiff asserts claims for alleged violations of federal criminal statutes.  *See* Second Amended Complaint at 9, 20, 24, 29.  Plaintiff states: "Regarding the counsel and the courts writings that state [Plaintiff] is barred from asserting criminal claims in a civil suit, [Plaintiff] will motion to withdraw the claims without prejudice and file them with the appropriate venue." Response at 5.  Plaintiff has not filed a motion to withdraw her criminal claims.  The Court dismisses all claims against all Defendants based on alleged violations of criminal statutes with prejudice because "criminal statutes do not provide for private civil causes of action."  *Kelly v. Rockefeller*, 69 Fed.Appx. 414, 415-416 (10th Cir. 2003).

**Dismissal of Claims against Defendant Sharbutt**

Defendant Ray Sharbutt is a "Deputy District Attorney of Torrance County[,] New Mexico." Second Amended Complaint at 6, ¶ 22.  Defendant Sharbutt moves the Court to dismiss Plaintiff's claims against him "because they are too vague to state a claim for relief, or they are otherwise improperly asserted," or they are conclusory.  Motion at 5-10.  The Second Amended Complaint only mentions Defendant Sharbutt by name in 10 allegations.  *See* Second Amended Complaint at 10, ¶ 3; 11, ¶¶ 4-5; 12, ¶ 8; 14, ¶¶ 11-12; 15, ¶ 14; 16, ¶¶ 15, 17; 17, ¶ 18.  Each of those allegations state that during a period of time "from at least the year 2017 to current date of filing," and in one case until 2019,  Defendant Sharbutt and several other Defendants committed various unspecified actions that allegedly violated various unspecified rights of Plaintiff, for example:

> **Evelyn Howard-Hand and Lorie Gerkey, Joel Shirley, Mico Fernandez, Melinda (Mindy) Lingnau, Desirae Candelas, India Encinias, Aimee Watts,**

5

> **Cindy Simms, Karen Pai, Cynthia (Cindy) Golden, Danielle Trujillo, Joe DiRaddo, Leona Segura, Mandy Thrasher Phillips, Marla Lehman, Vanessa Gutierrez, Stephanie Reynolds, Gabriella Hnilkolva, Athena Trujillo, Denise Smythe, Martha Ward, Ray Sharb[u]tt, Elaine Darnell, Kendra Otis, Lee Widener, and Randol Riley** between the years of 2017-to current date of filing, upon information and belief, repeatedly perjured, slandered, committed acts of libel, defamed against A.B. and [Plaintiff] in and out of legal proceedings, on official state/federal reports, on school documentation, during documented meetings, to investigative authorities who produced documented reports/findings and to investigative media.  The above listed defendants committed/knew about violations of slander, defamation of character, perjury, malice and deprivation of rights towards [Plaintiff] and A.B.  The actions taken by the above listed defendants did cause deprivations, harm, injury, and damages to [Plaintiff] and A.B.

Second Amended Complaint at 17, ¶ 18 (bold in original).  In the section of the Second Amended Complaint titled "Prayer for Relief from damages," Plaintiff makes several general allegations against all Defendants, for example:

> **All** defendants are listed above in the complaint section as having violated the rights secured by federal law of [Plaintiff] and A.B. and have done damage either directly or indirectly by having knowledge of another defendant committing violations towards [Plaintiff] and A.B. and taking no appropriate action on their behalf to protect them while acting under color of law.  **All** defendants listed within the complaint section are guilty **on at least one count of violations** under each Human Rights article listed, guilty **on at least one count of violations** of the Constitutional Amendments per each amendment listed within the complaint, guilty **on at least one count of violations** of deprivation of rights under color of law, guilty **on at least one count of violations** under the RICO Act, and guilty **on at least one count of violations** under [18] U.S.C[.] § 873 [Blackmail].

Second Amended Complaint at 24 (emphasis in original).

> Plaintiff responded stating:
>
> [Plaintiff] is not required to state evidence to have a plausible claim for relief ... [Plaintiff] points out that by answering simple questions derived from what is alleged, an answer can indeed be sufficiently given.  For example, Defendant Sharbutt hypothetically could answer [a claim] by answering questions derived from the allegations in the complaint.  Some examples of a question derived from the allegations in the complaint would be: Did Defendant Sharbutt at any point act under color of law as Deputy District Attorney during the timeframe of 2017-current date of filing listed?  Did Defendant Sharbutt at any point attend any meetings and/or or [sic] legal proceedings regarding [Plaintiff] and/or A.B. during the timeframe of 2017-current date of filing listed listed? Did Defendant Sharbutt

> at any point within his position during the timeframe of 2017-current date of filing as Deputy District Attorney act with the intent to work against, discriminate against, retaliate against, harm, deprive, cause damages, and/or bring vindictive prosecution towards [Plaintiff] and/or A.B.? etc.

Response at 3-4.  Plaintiff also states: "If this court and defendant require it, then [Plaintiff] request[s] the court to grant [Plaintiff] an amendment to show detailed specifics" and requests "specific instructions from the court as to what specifics are required" to state a claim.  Response at 6-7.

The Second Amended Complaint fails to state a claim against Defendant Sharbutt where it alleges that Defendant Sharbutt:

(i)     "either knew about, an[d]/or gave unlawful advice/proposals/guidance towards, and/or directly participated in multiple meetings."  Second Amended Complaint at 10, ¶ 3.

(ii)    "either conspired to, had knowledge about, committed and/or helped commit fraud and racketeering ...manipulated past and current legal proceedings involving [Plaintiff].  Second Amended Complaint at 11, ¶ 4.

(iii)   "while acting under color of law during multiple instances throughout the timeframe listed, failed to act as a mandated reporter on behalf of [Plaintiff] ... had knowledge of, was witness to, had documentation of abuse, harm, and neglect having been committed by all other defendants towards [Plaintiff]."  Second Amended Complaint at 11, ¶ 5.

(iv)   "committed violations towards [Plaintiff] ... by knowing about and/or allowing any/all rights violations to have been committed towards [Plaintiff] ... by any and/or all other defendants."  Second Amended Complaint at 12, ¶ 8.

(v)    "had multiple meetings with [the other Defendants] conspiring with other defendants ... in which the intent was to work against, discriminate against, retaliate

against, harm, deprive, and cause damage towards [Plaintiff]."  Second Amended Complaint at 14, ¶ 11.

(vi)    "obtained/helped obtain personal/documented information, altered facts about personal/documented information, and/or withheld the truth about personal/documented information about [Plaintiff]."  Second Amended Complaint at 14, ¶ 12.

(vii)   "knew about harm/damage/violations taking place towards [Plaintiff] ... by all other defendants ...lack of appropriate action which would have been righteous and obligatory including but not limited to mandated reporting on the other defendants' unlawful actions."  Second Amended Complaint at 15, ¶ 14.

(viii)  "directly participated in and/or helped other defendants in actions that lead to misappropriating and perjuring about NM state funding, NM federal funding, and other District funding/resources that should have been allocated at lease to [Plaintiff's son]."  Second Amended Complaint at 16, ¶ 15.

(ix)    "falsely reported/helped to give information used to falsely report [Plaintiff] ... to the state government and other state/federal investigative authorities/agencies/entities on bad faith/vindictive prosecution claims of severe abuse, neglect, truancy, and other false/discrimination accusations multiple times."  Second Amended Complaint at 16-17, ¶ 17.

(x)     "repeatedly perjured, slandered, committed acts of libel, defamed against ... [Plaintiff] in and out of legal proceedings, on official state/federal reports, on school documentation, during documented meetings, to investigative authorities who produced documented reports/findings, and to investigative media."  Second Amended Complaint at 17, ¶ 18.

The Court dismisses Plaintiff Tisha Brick's claims against Defendant Sharbutt with prejudice.  A complaint is not required to state "evidence," but it must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The Complaint must "make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice."  *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in original); *see also Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").  Plaintiff's Second Amended Complaint does not give Defendant Sharbutt fair notice of the grounds upon which Plaintiff's claims rest because the allegations against Defendant Sharbutt, quoted above, do not make clear what unlawful advice he allegedly gave, which meetings he participated in, what fraud and racketeering he knew about or allegedly committed, when he was a witness to or had documentation of harm having been committed by other Defendants and failed to report it, the personal information he obtained and/or altered about Plaintiff, how he helped other Defendants in misappropriating funding, falsely reported information about Plaintiff to governmental authorities, and his statements that allegedly defamed Plaintiff.  Defendant Sharbutt is not obligated to determine Plaintiff's claims by asking himself questions.

The Court denies Plaintiff's request that the Court grant Plaintiff an opportunity to file another amended complaint and to provide her with "specific instructions" regarding how to state a claim.  The Judge Khalsa has twice now in this case explained to Plaintiff that "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the

defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." Doc. 5 at 3, filed September 1, 2020 (quoting *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007)); Doc. 17 at 3, filed December 9, 2020 (same).  And after each time Judge Khalsa notified Plaintiff that her complaint failed to state a claim, Plaintiff filed an amended complaint and disregarded Judge Khalsa's explanation regarding the information necessary to state a claim. Furthermore, Senior United States District Judge Judith C. Herrera had previously notified Plaintiff of the information that must be alleged to state a claim, that Plaintiff cannot assert claims on behalf of her son without an attorney, and that criminal statutes do not provide for private civil causes of action.  *See* Mem. Op. and Order at 3, 8-9, Doc. 53, filed September 18, 2019, in *Brick v. Estancia Municipal School District*, No. 1:18-cv-01143-JCH-JHR (quoting *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007).

      **IT IS ORDERED** that:

(i) All claims against Defendant Ray Sharbutt and all other Defendants asserted by Plaintiff Tisha Brick on behalf of her son, A.B., are **DISMISSED without prejudice.**

(ii) All claims against all Defendants for alleged violations of criminal statutes are **DISMISSED with prejudice.**

(iii) Defendant Ray Sharbutt's Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Doc. 37, filed February 4, 2021, is **GRANTED.** Plaintiff Tisha Brick's claims against Defendant Ray Sharbutt are **DISMISSED with prejudice.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE