IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TISHA BRICK and A.B.

      Plaintiffs,

v.                                                                                                                    No. 1:20-cv-00881-WJ-KK

ESTANCIA MUNICIPAL SCHOOL DISTRICT, et al.,

      Defendants.

### MEMORANDUM OPINION AND ORDER TO SHOW CAUSE

Plaintiff Tisha Brick ("Plaintiff"), who is proceeding *pro se*, has filed numerous frivolous documents and has disregarded Court Orders. The Court finds that filing restrictions are appropriate so that the Court does not expend valuable resources addressing such future frivolous filings and so that parties sued by Plaintiff do not have to continue to incur attorney fees and costs in defending against such future frivolous filings.

**Court's Power to Impose Filing Restrictions**

The Court of Appeals for the Tenth Circuit has discussed the Court's power to impose filing restrictions and the procedure for imposing filing restrictions:

> "[T]he right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman,* 878 F.2d 351, 353 (10th Cir.1989) (per curiam) (citation omitted). "There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Cotner v. Hopkins,* 795 F.2d 900, 902 (10th Cir.1986). "Even onerous conditions may be imposed upon a litigant as long as they are designed to assist the ... court in curbing the particular abusive behavior involved," except that they "cannot be so burdensome ... as to deny a litigant meaningful access to the courts." *Id.* (brackets and internal quotation marks omitted). "Litigiousness alone will not support an injunction restricting filing activities. However, injunctions are proper where the litigant's abusive and lengthy history is properly set forth." *Tripati,* 878 F.2d at 353 (citations omitted). "[T]here must be some guidelines as to what [a party] must do

> to obtain the court's permission to file an action." *Id.* at 354. "In addition, [the party] is entitled to notice and an opportunity to oppose the court's order before it is instituted." *Id.* A hearing is not required; a written opportunity to respond is sufficient. *See id.*

*Landrith v. Schmidt*, 732 F.3d 1171, 1174 (10th Cir. 2013).

**Litigant's Abusive History**

This is the second of two cases Plaintiff has filed in this Court. *See Brick v. Estancia Municipal School District*, No. 1:18-cv-01143-JCH-JHR ("Brick I"). Both cases arise out of the same facts and have many of the same Defendants. In *Brick I*, Senior United States District Judge Judith C. Herrera notified Plaintiff of the information that must be alleged to state a claim, that Plaintiff cannot assert claims on behalf of her son without an attorney, and that criminal statutes do not provide for private civil causes of action. *See* Mem. Op. and Order at 3, 8-9, Doc. 53, filed September 18, 2019, in *Brick v. Estancia Municipal School District*, No. 1:18-cv-01143-JCH-JHR (quoting *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated")).

Despite Judge Herrera notifying Plaintiff how to state a claim and that Plaintiff cannot bring claims on behalf of her son without an attorney, Plaintiff filed her original Complaint in this case with conclusory allegations that failed to state a claim and asserted claims on behalf of her son. *See* Complaint, Doc. 1, filed August 28, 2020.

United States Magistrate Judge Kirtan Khalsa notified Plaintiff that many of the claims in Plaintiff's original Complaint were based on conclusory allegations which were not supported by factual allegations that state with particularity what each Defendant did to Plaintiff, when each Defendant did it, how each Defendant's actions harmed Plaintiff, and what specific legal right

Plaintiff believes each Defendant violated.  *See* Doc. 5 at 3, filed September 1, 2020 (quoting *Nasious*).  Judge Khalsa also notified Plaintiff, who is proceeding *pro se* and is not a licensed attorney authorized to practice in this Court, that Plaintiff may not assert claims on behalf of Plaintiff's son.  Judge Khalsa ordered Plaintiff to show cause why the Court should not dismiss the claims supported by only conclusory allegations and the claims asserted on behalf of her son.

Plaintiff filed her Amended Complaint on September 29, 2020.  *See* Doc. 9.  Judge Khalsa ordered Plaintiff to file a second amended complaint because the Amended Complaint, which contained vague, conclusory allegations, failed to state a claim, again improperly asserted claims on behalf of Plaintiff's son, and asserted claims for alleged violations of criminal statutes.  *See* Doc. 17 at 2-4, filed December 9, 2020.

Plaintiff then filed her Second Amended Complaint which contained conclusory allegations, yet again asserted claims on behalf of Plaintiff's son, and asserted claims for alleged violations of criminal statutes.  *See* Doc. 20, filed December 30, 2020.

After two attorney filed waivers of service before receiving a notice of suit and a request for waiver of service, Plaintiff filed frivolous objections to waivers of service.  *See* Mem. Op. and Order, Doc. 40, filed February 5, 2021 ((i) overruling the objections as frivolous; (ii) notifying Plaintiff that the Court has twice notified Plaintiff that Plaintiff will be held to the same standard of professional responsibility as trained attorneys, has a responsibility to become familiar with and to comply with the Federal Rules of Civil Procedure and the District's Local Rules, and that failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions; and (iii) notified Plaintiff that if Plaintiff continues to cause the Court or the opposing Parties to expend time and resources dealing with frivolous matters, the Court will impose sanctions, including awarding the opposing Parties attorney fees).

Plaintiff filed a motion to disqualify certain defense counsel. *See* Doc. 34, filed February 1, 2021. Defense counsel requested that Plaintiff withdraw the motion given the Court's warning about frivolous filings and sanctions. *See* Doc. 46, filed February 18, 2021. Plaintiff refused to withdraw the motion, which the Court later denied because Plaintiff's arguments were meritless and not supported by the record. *See* Doc. 51, filed March 10; Doc. 54, filed March 15, 2021 (ordering Plaintiff to show cause why Court should not order Plaintiff to pay the attorney fees and costs incurred by defense counsel in responding to Plaintiff's motion to disqualify).

Four motions to dismiss have been filed in this case by various Defendants. *See* Doc. 37, filed February 4, 2021; Doc. 39, filed February 4, 2021; Doc. 45, filed February 17, 2021; Doc. 53, filed March 12, 2021. In her Responses, Plaintiff continues to argue that her conclusory allegations are sufficient to state a claim and that she can assert claims on behalf of her son. *See* Doc. 43, filed February 12, 2021; Doc. 44, filed February 13, 2021; Doc. 47, filed February 24, 2021; *see also* Doc. 57, filed March 27, 2021 (instead of timely filing a response to the fourth motion to dismiss, Doc. 53, Plaintiff filed Notice stating that Plaintiff will submit an order to deny the fourth motion to dismiss and that a "brief of reasons for opposition and grounds for denial are contained within the Order filed with the Judge;" Plaintiff has not filed such a brief).

The Court notes that in many of her filings Plaintiff does not cite legal authority in support of her position but instead makes conclusory statements about her rights regarding court procedure. For example, the Court has notified Plaintiff that she cannot assert claims on behalf of her son without an attorney, cited Tenth Circuit case law to support that statement along with reference to additional Tenth Circuit case law that states this Court must follow Tenth Circuit precedent. *See* Doc. 17 at 2-4, filed December 9, 2020. Plaintiff argues without citation to legal authority:

> The courts and their circuits do not make laws and the courts do not have the final say when it comes to the true law. Furthermore, there is no law that prohibits a

4

> parent or as is cited in the FRCP a **general guardian** from **suing** on behalf of their **minor child** ... The court and all counsel of record is [sic] gravely mistaken if they believe they or their opinions supersede the Unalienable and Fundamental rights of a Parent who is naturally legally in charge of the entire well-being and all best interest of their child until they are of legal age.

Doc. 43 at 3, filed February 12, 2021 (emphasis in original). Plaintiff's Responses to the motions to dismiss, in which Plaintiff continues to incorrectly argue that she is allowed to assert claims on behalf of her son without an attorney, were filed after the undersigned "emphasize[d] that the Court will not tolerate repeated failures to comply with Court Orders and the Federal and Local Rules." Doc. 40 at 3, filed February 5, 2021

Despite the Court's notifications regarding the elements required to state a claim, Tenth Circuit case law prohibiting Plaintiff from asserting claims on behalf of her son, and Plaintiff's obligation to not file frivolous documents, Plaintiff continues to disregard the Court's Orders.

**Proposed Filing Restrictions**

The Court proposes to impose the following filing restrictions on Plaintiff.

Plaintiff will be enjoined from making further filings in this case except objections to this order, a notice of appeal and a motion for leave to proceed on appeal *in forma pauperis*; and the Clerk will be directed to not file any additional submissions by Plaintiff in this case other than objections to this order, a notice of appeal, or a motion for leave to proceed on appeal *in forma pauperis,* unless a licensed attorney who is admitted to practice before this Court and has appeared in this action signs the proposed filing.

Plaintiff also will be enjoined from initiating further litigation in this Court, and the Clerk will be directed to not file any initial pleading that he submits, unless a licensed attorney who is admitted to practice before this Court signs the pleading.

**Opportunity to Be Heard**

5

The Court grants Plaintiff an opportunity to show cause why the Court should not enter the proposed filing restrictions.

**IT IS ORDERED** that:

(i) within fourteen (14) days from entry of this Order, Plaintiff shall show cause why this Court should not enter the proposed filing restrictions described above. Plaintiff's written objections to the proposed filing restrictions shall be limited to 10 pages. If Plaintiff does not timely file objections, the proposed filing restrictions shall take effect fourteen (14) days from the date of this order and will apply to any matter filed after that time. If Plaintiff timely files objections, restrictions will take effect only upon entry of a subsequent order.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE