IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TISHA BRICK and A.B.

    Plaintiffs,

v.                                                                                                             No. 1:20-cv-00881-WJ-KK

ESTANCIA MUNICIPAL SCHOOL DISTRICT, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS STEPHANIE REYNOLDS AND MICO MALINZAK-FERNANDEZ'S MOTION TO DISMISS

**THIS MATTER** comes before the Court on Defendants Reynolds and Malinzak-Fernandez' Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Doc. 39, filed February 4, 2021 ("Motion").

Defendant Stephanie Reynolds is the "Chief of Police [of the] Estancia Police Department." Second Amended Complaint at 5, Doc. 20, filed December 30, 2020. Defendant Mico Malinzak-Fernandez is a "Former Officer of Estancia Police Department/School Resource Officer for Estancia Municipal School District." Second Amended Complaint at 2. Defendants Reynolds and Malinzak-Fernandez ask the Court to dismiss Plaintiff's claims against them for failure to state a claim because the claims "are vague and conclusory." Motion at 6.

Plaintiff responded by identifying two allegations which she contends are not vague and conclusory. The first allegation, Paragraph 9, states:

> [Defendants Reynolds and Malinzak-Fernandez, and 16 other Defendants] upon information and belief, either knew about, directly participated in, and/or gave illegal advice pertaining to a continued BIP revision meeting regarding A.B. on January 2018 held at Estancia Municipal School District. This meeting contained fully via an audio recording, proves that all the above listed defendants' conduct is clearly reckless and intentional. The intent of all of the above listed defendants,

proposals, and/or the outcome of the meeting was to deny A.B. of his rights, privileges, and/or immunities secured including but not limited to reducing or limiting his education, related services/therapies expressing that physical harm befall him by means of inappropriate law enforcement involvement and equal access to a full public education but also placing [Plaintiff] under extreme mental stress and duress in conjunction with denying her of her rights, privileges, and/or immunities secured by federal law. The above listed defendants' actions did cause deprivations, harm, injury, and damages to Claimant and A.B.

Second Amended Complaint at 12-13, ¶ 9. The second allegation, Paragraph 10, states:

[Defendants Reynolds and Malinzak-Fernandez, and 17 other Defendants] upon information and belief, during January 2018 either knew about, directly participated in, and/or gave illegal advice towards the educational IEP/BIP plan of disabled minor child A.B. also leading to the unlawful involvement of officer [Defendant Malinzak-Fernandez] who appears to have an [sic] felony on his record. The above listed defendants['] actions include but are not limited to: the unconsented attendance, unlawful verbal participation, and documented unlawful participation of officer [Defendant Malinzak-Fernandez] in A.B.['s] BIP revision, [Defendant Malinzak-Fernandez] threatening to harm student A.B., defendants directly participating in meeting suggesting/going along with harmful proposals including but not limited [to] an unlawful administration of medical cannabis to A.B., discrimination and acts of degradation towards both A.B. and [Plaintiff], proposals that would physically and mentally harm all parties involved if they were to carry out the proposals, defendants heard on recording admitting they were being directly advised to commit unlawful acts and crimes by their attorneys which were [Defendants Howard-Hand and Gerkey], defendants admit on the recording to having gone to the school board defendants in in a private meeting (which would give rise to claims against the school board defendants) to make harmful and unlawful decisions about the outcome of A.B.[']s IEP/BIP. [Plaintiff] never gave written consent to [Defendant Malinzak-Fernandez] being involved, nor the unlawful actions proposed towards A.B. The above listed defendants' actions did cause deprivations, harm, injury, and damages to [Plaintiff] and A.B.

Second Amended Complaint at 13-14, ¶ 10. Plaintiff argues that Paragraphs 9 and 10:

stated in the second amended complaint a specifically limited timeframe the alleged violation(s) were committed, what was done that would suffice as a violation referenced data where proof of some of the unlawful activity done by the Defendants' [sic] can be found, and what harm was done towards [Plaintiff] by the actions of the defendant ...[Plaintiff] points out that by answering simple questions derived from what is alleged, an answer can indeed be sufficiently given. Some examples of a question derived from the allegations in the complaint would be: Were the Defendants at any point acting under color of law as during the timeframe of 2017-current date of filing listed? Did Defendants at any point attend any meetings and/or or [sic] legal proceedings regarding [Plaintiff] and/or A.B. during

    the timeframe of 2017-current date of filing listed?  Did Defendants at any point within their position during the timeframe of 2017-current date of filing as [sic] act with the intent to work against, discriminate against, retaliate against, harm, deprive, cause damages, and/or bring vindictive prosecution towards [Plaintiff] and/or A.B.? etc.

Response at 6.

Paragraphs 9 and 10 in the Second Amended Complaint fail to state claims against Defendants Reynolds and Malinzak-Fernandez because they state:

    (i)    Defendants Reynolds and Malinzak-Fernandez "either knew about, directly participated in, and/or gave illegal advice pertaining to a continued BIP revision meeting regarding A.B. on January 2018," but do not describe the "illegal advice" or allege how knowing about or participating in a meeting violates Plaintiff's rights.

    (ii)    Defendants Reynolds and Malinzak-Fernandez' and the other 17 Defendants actions include: "unconsented attendance, unlawful verbal participation, and documented unlawful participation of officer [Defendant Malinzak-Fernandez] in A.B. revision," but do not describe the participation or allege any facts to support the conclusory allegation that the participation was "unlawful."

    (iii)    Defendants Reynolds and Malinzak-Fernandez "suggest[ed]/[went] along with harmful proposals ... that would physically and mentally harm all parties involved *if* they were to carry out the proposals," but does not describe those proposals or allege that the proposals were carried out.  (emphasis added).

    (iv)    Defendants Reynolds and Malinzak-Fernandez "admit on the recording to having gone to the school board defendants in a private meeting to make harmful and unlawful decisions about the outcome of A.B.[']s IEP/BIP," but does not describe the decisions or

discussions, and does not allege any facts to support the conclusory allegation that the decisions were harmful or unlawful.

(v)     Plaintiff "never gave written consent to [Defendant Malinzak-Fernandez] to be involved" and that Defendant Malinzak-Fernandez's involvement was "unlawful," but does not describe Defendant Malinzak-Fernandez's involvement or allege facts supporting the conclusory allegation that his involvement was unlawful.

The other allegations regarding Defendants Reynolds and Malinzak-Fernandez are in Paragraphs 3-5, 8, 11-12, 14-15 and 17-18, are identical to the allegations against Defendant Ray Sharbutt which the Court found failed to state a claim, and similarly fail to state claims against Defendants Reynolds and Malinzak-Fernandez. *See* Doc. 60 at 7-9 (discussing why those allegations failed to state a claim against Defendant Sharbutt).

The Court dismisses Plaintiff Tisha Brick's claims against Defendants Reynolds and Malinzak-Fernandez with prejudice because the Second Amended Complaint does not give Defendants Reynolds and Malinzak-Fernandez fair notice of the grounds upon which Plaintiff's claims rest.  Plaintiff is required to give Defendants Reynolds and Malinzak-Fernandez fair notice of the grounds upon which Plaintiff's claims rest.  Plaintiff's Second Amended Complaint does not explain what Defendants Reynolds and Malinzak-Fernandez did to Plaintiff.  Vague, conclusory allegations that Defendants Reynolds and Malinzak-Fernandez "either knew about, directly participated in, and/or gave [unspecified] illegal advice," unlawfully participated in a meeting, and made unspecified "unlawful decisions," are not sufficient to state a claim.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based . . . [and] in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-

pleaded factual contentions, not his conclusory allegations"). Defendants Reynolds and Malinzak-Fernandez are not obligated to ask questions to determine what Plaintiff's claims are.

Defendants Reynolds and Malinzak-Fernandez also request that the Court dismiss the claims asserted against them by Plaintiff Tisha Brick ("Plaintiff") on behalf of her son, A.B., and the claims asserted for alleged violations of criminal statutes. Plaintiff's Response requests that the Court allow Plaintiff to amend her Second Amended Complaint and to provide Plaintiff "with specific instructions" as to the information necessary to state a claim. Response at 8, Doc. 44, filed February 13, 2021. The Court previously addressed these issues when it granted Defendant Ray Sharbutt's motion to dismiss for failure to state a claim: (i) the Court dismissed all claims against all Defendants asserted by Plaintiff on behalf of her son, A.B., without prejudice; (ii) the Court dismissed all claims against all Defendants for alleged violations of criminal statutes with prejudice; and (iii) denied Plaintiff's request that the Court grant Plaintiff an opportunity to file another amended complaint and to provide her with "specific instructions" regarding how to state a claim because the Court has twice previously provided Plaintiff with specific instructions and allowed Plaintiff to file an amended complaint, and both times Plaintiff filed an amended complaint and disregarded the Court's specific instructions. *See* Doc. 60 at 1-3, 8, filed April 6, 2021 (discussing procedural background of this case).

**IT IS ORDERED** that Defendants Reynolds and Malinzak-Fernandez' Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Doc. 39, filed February 4, 2021, is **GRANTED.** Plaintiff Tisha Bricks claims against Defendants Reynolds and Malinzak-Fernandez are **DISMISSED with prejudice.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE