IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TISHA BRICK and A.B.

    Plaintiffs,

v.                                                                 No. 1:20-cv-00881-WJ-KK

ESTANCIA MUNICIPAL SCHOOL DISTRICT, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS HOWARD-HAND AND GERKEY'S MOTION TO DISMISS

**THIS MATTER** comes before the Court on Defendants Howard-Hand and Gerkey's Motion to Dismiss, Doc. 45, filed February 17, 2021 ("Motion").

The Court has previously discussed the procedural background of this case, dismissed the claims asserted by Plaintiff Tisha Brick ("Plaintiff") on behalf of her son, dismissed the claims for violations of criminal statutes, and denied Plaintiff's request to file a third amended complaint. *See* Mem. Op. and Order Granting Defendant Ray Sharbutt's Motion to Dismiss, Doc. 60, filed April 6, 2021 ("Sharbutt Order").

Defendants Evelyn Howard-Hand and Lorie Gerkey are attorneys that represented Defendant Estancia Municipal School District in the underlying administrative action regarding Plaintiff's son's education. Defendants Howard-Hand and Gerkey ask the Court to dismiss Plaintiff's claims for failure to state a claim because the claims are "vague and conclusory." Motion at 4.

In her Response, Plaintiff does not identify any specific allegations showing she has "explain[ed] what each defendant did to him or her; when the defendant did it; how the defendant's

action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) (describing what a complaint must explain to state a claim). Instead, Plaintiff argues that:

> [Plaintiff] put the timeframes with language such as 2017-the current date of filing because multiple violations were committed repeatedly within those time frames. [Plaintiff] is not required to put legal arguments into the pleadings which is what has been asserted here by the defendants as an alleged requirement.  In fact, [Plaintiff] on the original complaint did do just that and was told by the court that it was not necessary, therefor [Plaintiff] amended the complaint and removed the legal assertions/arguments from the pleadings.  [Plaintiff] asserts that [she] understood that there are later phases of a lawsuit that require putting together legal arguments and much more specific facts, issues, evidence to support facts and issues alleged etc. ...[Plaintiff] is not required to state evidence to have a plausible claim for relief and here the Defendants' [sic] assert that specific evidence of the defendants[s] alleged actions are required to meet pleading standards.  In fact, [Plaintiff] did attempt in good faith to admit evidence that was carefully selected labeled, and pieced together to fit supporting most of the claims made in conjunction with the filing of the original complaint.  The court vehemently rejected that evidence entirely without ever having reviewed it, shipped it back to [Plaintiff], and stated in writing on the Order to show Just Cause that it was not necessary to submit evidence.  [Plaintiff] stated in the second amended complaint a specifically limited timeframe the alleged violation(s) were committed, what was done that would suffice as a violation, referenced data where proof of some of the unlawful activity done by the Defendants' [sic] can be found, and what harm was done towards [Plaintiff] by the actions of the defendant.

Response at 3-4, Doc. 47, filed February 24, 2021.

Judge Khalsa ordered the Clerk of Court to return the exhibits that Plaintiff submitted with her original Complaint stating:

> Plaintiff has submitted approximately 2,000 pages of exhibits.  Generally, exhibits are not attached to pleadings such as a complaint.  *See* D.N.M.LR-Civ. 10.4 ("Exhibits are not attached to a pleading unless the documents attached form the basis for the action or defense").  Plaintiff has not marked the portions of those exhibits she wishes to bring to the Court's attention as required by D.N.M.LR-Civ. 10.6.  The Court will not comb the record or make a party's arguments for it.  *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998) ("we, like the district courts, have a limited and neutral role in the adversarial process, and are

2

> wary of becoming advocates who comb the record of previously available evidence and make a party's case for it").

Doc. 5 at 4, filed September 1, 2020 (quoting *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.")). Judge Khalsa later informed Plaintiff that: "Allegations supporting claims for relief may be made on information and belief. A plaintiff is not obligated to plead evidence in a complaint by attaching exhibits and may set forth allegations that will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Doc. 17 at 5, filed December 9, 2020 (also quoting *Nasious* regarding elements required to state a claim).

There are 16 allegations against Defendants Howard-Hand and Gerkey in the Second Amended Complaint. The Court has already found that 12 of those allegations failed to state a claim. *See* Sharbutt Order, Doc. 60, filed April 6, 2021 (discussing Paragraphs 3-5, 8, 11-12, 14-15 and 17-18); Mem. Op. and Order Granting Defendants Reynolds and Malinzak-Fernandez' Motion to Dismiss, Doc. 62, filed April 7, 2021 (discussing Paragraphs 9-10).

The remaining allegations against Defendants Howard-Hand and Gerkey, Paragraphs 6-7, 13 and 16, also fail to state a claim. Paragraph 6 states:

> Defendants Howard-Hand and Gerkey ... sent a coercive, retaliatory, and blackmailing letter in the fall of 2018 threatening [Plaintiff] ... with malicious and/or vindictive prosecution. The threats were followed through by the defendants by means of filing false reports and making claims in bad faith. These actions by the above listed defendants did cause deprivations, harm, injury, and damages to [Plaintiff].

Second Amended Complaint at 11. Paragraph 7 states:

> Defendants Howard-Hand and Gerkey ... committed violations towards [Plaintiff] ... as attorneys practicing law and as advising counsel to all defendants of Estancia Municipal School District from at least the years of 2017 to current date of filing, by knowing about, advising towards, and/or allowing rights violations to have been committed towards [Plaintiff] ... by other defendants as is written in [E]stancia [M]unicipal [S]chool [D]istrict documentation, written documentation by Howard-[H]and and Gerkey, DPH [Due Process Hearing] 1718-14 administrative record and exhibits, admission given on a Jan 18, BIP [Behavior Intervention Plan?] revision recording and testimony/exhibits admitted on DPH 1718-14 administrative record, with no documented evidence of reprimand, reporting to lawful authorities, nor protecting [Plaintiff] ... after the violations happened.

Second Amended Complaint at 12.  Paragraph 13 states:

> Defendants Howard-Hand and Gerkey used legal proceedings and processes prior to legal proceedings to commit abuse of process, to conspire and work with their clients and or other defendants ... to deprive [Plaintiff] ... of their due process and to eventually try to bring false claims and bad faith claims, which include but are not limited to: summary judgments against [Plaintiff] ... in [*Brick I*, No. 1:18-cv-01143-JCH-JHR].

Second Amended Complaint at 15.  Paragraph 16 states:

> Defendants Howard[-]Hand and Gerkey ... abused their positions as counsel of record during DPH 1718-14 with the intent to deny [Plaintiff] ... of their due process, also with the intent to help their clients commit perjury.  Howard-Hand and Gerkey testified of being familiar with the Hearing Officer Morgan Lyman which both he and the Counsel of Record knew was a conflict of interest yet proceeded on with the hearing anyway.  The Hearing Officers' [sic] documented favoritism of the defendants and their attorneys on the administrative record is a display of abuse of power.

Second Amended Complaint at 16.  Paragraphs 6-7, 13 and 16 make conclusory allegations that Defendants Howard-Hand and Gerkey sent a threatening letter, filed false reports and made claims in bad faith,  knew about, advised towards, and/or allowed rights violations to have been committed towards Plaintiff,  used legal proceedings to commit abuse of process, and had a conflict of interest with the Hearing Officer presiding over the administrative due process hearing.  The Second Amended Complaint does not contain any factual allegations to support those conclusory allegations, such as allegations which would identify the false reports and bad faith claims,

describe the "rights violations" that Defendants Howard-Hand and Gerkey allegedly knew about, advised and allowed to be committed, explain how Defendants Howard-Hand and Gerkey used legal proceedings to "commit abuse of process," or explain why the mere fact that Defendants Howard-Hand and Gerkey knew the Hearing Officer constituted a conflict of interest or a violation of Plaintiff's rights by Defendants Howard-Hand and Gerkey as opposed to the Hearing Officer.

The Court dismisses Plaintiff Tisha Brick's claims against Defendants Howard-Hand and Gerkey with prejudice. Plaintiff has the burden to give Defendants Reynolds and Malinzak-Fernandez fair notice of the grounds upon which Plaintiff's claims rest. Plaintiff's Second Amended Complaint does not meet that burden because conclusory allegations that are not supported by factual allegations are not sufficient to state a claim. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Defendants Howard-Hand and Gerkey are not obligated to ask questions or to review the administrative record to determine what Plaintiff's claims might be.

**IT IS ORDERED** that Defendants Howard-Hand and Gerkey's Motion to Dismiss, Doc. 45, filed February 17, 2021, is **GRANTED.** Plaintiff Tisha Brick's claims against Defendants Howard-Hand and Gerkey are **DISMISSED with prejudice.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE