IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TISHA BRICK and A.B.

      Plaintiffs,

v.                                                                            No. 1:20-cv-00881-WJ-KK

ESTANCIA MUNICIPAL SCHOOL DISTRICT, et al.,

      Defendants.

**MEMORANDUM OPINION AND ORDER**
**GRANTING THE SCHOOL DEFENDANTS' MOTION TO DISMISS AND**
**ORDER OF DISMISSAL**

**THIS MATTER** comes before the Court on the School Defendants' Motion to Dismiss Plaintiff's Second Amendment to the Original Complaint and for Qualified Immunity, Doc. 53, filed March 12, 2021 ("Motion"), the Individual School Defendants' Motion to Stay on the Basis of Qualified Immunity, Doc. 55, filed March 17, 2021 ("Motion to Stay"), and Plaintiff's Motion to Request Issuance of Service upon Defendants via the Court, Doc. 50, filed March 4, 2021 ("Motion for Service").

The Court has previously discussed the procedural background of this case, dismissed the claims asserted by Plaintiff Tisha Brick ("Plaintiff") on behalf of her son, dismissed the claims for violations of criminal statutes, and denied Plaintiff's request to file a third amended complaint. *See* Mem. Op. and Order Granting Defendant Ray Sharbutt's Motion to Dismiss, Doc. 60, filed April 6, 2021 ("Sharbutt Order").

**School Defendants' Motion to Dismiss**

The School Defendants include: Estancia Municipal School District ("EMSD"), Joel Shirley, Melinda (Mindy) Lingnau, Desirae Candelas, India Encinias, Aimee Watts, Cindy Sims,

Karen Pai, Cynthia (Cindy) Golden, Gabriela Hnilkolva, Denise Smythe, Martha Ward, Kendra Otis, Lee Widener, and Randol Riley.  *See* Motion at 1.  The individual School Defendants are persons currently or formerly employed by EMSD as superintendent, principal, teacher, educational assistant, administrative assistant, and other positions, and members of the EMSD School Board.  The School Defendants move the Court to dismiss Plaintiff's Second Amended Complaint with prejudice for failure to state a claim.

Plaintiff did not file a response to the School Defendants' Motion to Dismiss.  Instead, Plaintiff filed a Notice stating that Plaintiff will submit an order to deny the School Defendants' Motion to Dismiss and that a "brief of reasons for opposition and grounds for denial are contained within the Order filed with the Judge."  Doc. 57, filed March 27, 2021.  Plaintiff has not filed such a brief.

There are 26 paragraphs containing allegations in the Second Amended Complaint.  The Court has already found that the allegations in Paragraphs 3-18 failed to state a claim.  *See* Sharbutt Order, Doc. 60, filed April 6, 2021 (discussing Paragraphs 3-5, 8, 11-12, 14-15 and 17-18); Mem. Op. and Order Granting Defendants Reynolds and Malinzak-Fernandez' Motion to Dismiss, Doc. 62, filed April 7, 2021 (discussing Paragraphs 9-10); Mem. Op. and Order Granting Defendants Howard-Hand and Gerkey's Motion to Dismiss, Doc. 63, filed April 8, 2021 (discussing Paragraphs 6-7, 13 and 16).

The allegations in the remaining Paragraphs, 1-2 and 19-26, also fail to state a claim:

(i)    Paragraph 1 states that Plaintiff is bringing claim on her behalf and on behalf of her son.

(ii)     Paragraph 2 states Defendant EMSD "has been previously found guilty of Denial of FAPE [Free Appropriate Public Education] ... and has been found guilty of Retaliation towards [Plaintiff]."

(iii)    Paragraph 19 states that Defendant Lingnau, Principal at EMSD, "committed violations towards [Plaintiff] by at least Blackmail and Emotional Blackmail/Extortion," discusses personal interactions between Defendant Lingnau and Plaintiff, asserts Defendant Lingnau "used her tactically crossed personal/professional position to commit Blackmail and/or psychological rape/warfare tactics to sway [Plaintiff] to go along with her agenda regarding unlawful changes propose for" Plaintiff's son, "used a variation of guilt, threats, strategic psychological/sexual confusion, professional and/or personal conspiracy with defendant Aimee Watts, Professional conspiracy to sabotage/harm/defame/slander [Plaintiff] in conjunction with [13 other Defendants] ... withholding of certain actions/rewards both personally and professionally in attempt to get [Plaintiff] to comply with her ulterior motives ... falsely asserted to many others ... that she allegedly became afraid of [Plaintiff] and was convinced her life was in imminent danger."

(iv)    Paragraph 20 states that Defendant Encinias, Regular Education Teacher at EMSD, "committ[ed] violations," "conspir[ed] with other defendants," and "surrendered text messages between herself and [Plaintiff] used by counsel of record for DPH 1718-14 which was used vindictively to harm, cause damage, deprive, and cause injury to [Plaintiff]."

(v)     Paragraph 21 states that Defendant Watts, Administrative Assistant at EMSD, "commit[ted] violations," "conspir[ed] to work against [Plaintiff], "used her personal/professional position to gain trust" and "personal information" from Plaintiff, "then use said information and access vindictively to harm" Plaintiff.  Defendant Watts

3

was "deeply involved in" Plaintiff's personal life and after legal disputes arose Defendant Watts "demanded that to stay friends with [Plaintiff], that [Plaintiff] could no longer confide about intimate information about [Defendant Lingnau] to Watts."

(vi)    Paragraph 22 states Defendant Gutierrez, "third party contracted State Support Broker for" Plaintiff and Plaintiff's son, "conspired with all other defendants ... committed slander and libel against [Plaintiff] ... committed Medicaid fraud ...and failed to act as a mandated reporter on behalf of [Plaintiff]."

(vii)   Paragraphs 23-26 state Defendants Darnell, Otis, Widener and Riley, EMSD School Board Members, "would be included in having knowledge of/direct involvement in, and or/ [sic] official decisions unlawfully made regarding the proposals and or outcomes of issues regard[ing] [Plaintiff] ... There is no documented action taken by [Darnell, Otis, Widener and Riley] that would have been appropriate as a school board member including but not limited to upholding the rights/wellbeing of [Plaintiff]."

The Second Amended Complaint does not contain factual allegations to support the conclusory allegations quoted above, such as allegations which would show an agreement and concerted action among Defendants rather than the conclusory allegation of "conspired," describe the "personal information" and how it was used to harm Plaintiff, describe the allegedly defamatory statements, describe the "unlawful" decisions and explaining why Defendants who knew about/were involved with/made unlawful decisions had a duty to act, etc.

The Court dismisses Plaintiff Tisha Brick's claims against the School Defendants with prejudice. Plaintiff has the burden to give the School Defendants fair notice of the grounds upon which Plaintiff's claims rest. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff's Second Amended Complaint does not meet that burden because conclusory allegations

that are not supported by factual allegations are not sufficient to state a claim.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The School Defendants are not obligated to ask questions or to review the administrative record to determine what Plaintiff's claims might be.

**Motion to Stay**

The individual School Defendants filed a Motion to Stay proceedings pending a resolution of the qualified immunity issues.  Plaintiff did not file a response to the Motion to Stay.  Because it is dismissing Plaintiff's claims against the School Defendants, the Court denies the individual School Defendants' Motion to Stay as moot.

**Dismissal of Remaining Claims and this Action**

The Court has found, in this Order and the Orders granting the other three motions to dismiss, that none of the 26 paragraphs in the Second Amended Complaint state a claim against any of the Defendants.  *See* Doc. 60, filed April 6, 2021; Doc. 62, filed April 7, 2021; Doc. 63, filed April 8, 2021.  The Court dismisses with prejudice the claims asserted against the following Defendants who have not appeared in this case: Danielle Trujillo, Joe Di Raddo, Leona Segura, Mandy Thrasher Phillips, Vanessa Gutierrez, Athena Trujillo and Elaine Darnell (collectively "the Remaining Defendants").  Having dismissed all claims against all Defendants, the Court dismisses this case.

**Motion for Service**

Plaintiff filed a Motion for Service asking the Court to serve Defendant Vanessa L. Gutierrez with a summons.  Having dismissed all claims against all Defendants, the Court denies Plaintiff's Motion for Service as moot.

**IT IS ORDERED** that:

(i) The School Defendants' Motion to Dismiss Plaintiff's Second Amendment to the Original Complaint and for Qualified Immunity, Doc. 53, filed March 12, 2021, is **GRANTED.** Plaintiff Tisha Brick's claims against the School Defendants are **DISMISSED with prejudice.**

(ii) The Individual School Defendants' Motion to Stay on the Basis of Qualified Immunity, Doc. 55, filed March 17, 2021, is **DENIED as moot.**

(iii) Plaintiff Tisha Brick's claims against the Remaining Defendants, Danielle Trujillo, Joe Di Raddo, Leona Segura, Mandy Thrasher Phillips, Vanessa Gutierrez, Athena Trujillo and Elaine Darnell, are **DISMISSED with prejudice.**

(iv) Plaintiff's Motion to Request Issuance of Service upon Defendants via the Court, Doc. 50, filed March 4, 2021, **DENIED as moot.**

(v) This case is **DISMISSED.** Plaintiff Tisha Brick's claims are **DISMISSED with prejudice.** The claims asserted by Plaintiff Tisha Brick on behalf of her son A.B. are **DISMISSED without prejudice.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE